**Joseph HAGGERTY, Plaintiff—Appellant,**

v.

**AMERICAN AIRLINES, INC., a foreign corporation, Defendant—Appellee.**

No. 03–16977.

D.C. No. CV–03–00186–PGR.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 28, 2004.

Joseph Haggerty, Phoenix, AZ, pro se.

Kenneth R. O'Brien, Esq., Littler Mendelson, Sacramento, CA, Peter C. Prynkiewicz, Esq., Littler Mendelson PC, Phoenix, AZ, for Defendant–Appellee.

Before LEAVY, THOMAS and FISHER, Circuit Judges.

## MEMORANDUM **

Joseph Haggerty appeals the district court's summary judgment for American Airlines, Inc. ("American"). Haggerty alleged that American violated Arizona's Employment Protection Act ("AEPA"), A.R.S. § 23–1501, by wrongfully terminating him in retaliation for asserting his rights under Arizona's workers compensation laws. The district court determined that Haggerty's AEPA claim was untimely as a matter of law because it was filed over one year after his termination date. Haggerty asserts that his pursuit of his rights under a collective bargaining agreement tolled the applicable one-year statute of limitations. The district court had diversity jurisdiction in this case under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Haggerty's wrongful termination cause of action accrued when American terminated his employment on December 22, 2000. *See Int'l Union of Elec. Workers Local 790 v. Robbins & Myers, Inc.,* 429

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S. 229, 234–35, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976). Haggerty filed his AEPA action two years after it was barred by the applicable one-year statute of limitations. *See* A.R.S. § 12–541(4).

■ Haggerty's pursuit of remedies under the collective bargaining agreement did not toll the statute of limitations. His right to sue under the AEPA is a statutory right independent of his contractual rights under the collective bargaining agreement; his claims under the AEPA were fully available to him upon termination. *See Robbins & Myers*, 429 U.S. at 236–40, 97 S.Ct. 441 (rejecting plaintiff's argument that the statute of limitations on her Title VII claim was tolled until she had exhausted all of her contractual remedies under a collective bargaining agreement); *cf. Francini v. Phoenix Newspapers, Inc.*, 188 Ariz. 576, 937 P.2d 1382, 1388 (Ct.App. 1996) (plaintiff not required to exhaust collective bargaining agreement remedies before filing disability discrimination claim under the Arizona Civil Rights Act because the "statutory rights of employees are independent of the collective bargaining process") (internal citations omitted).

AFFIRMED.